IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 10 CR 802-1 |
| ) | |
| MOISES VILLALOBOS, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In March 2012, Moises Villalobos pled guilty to conspiracy to possess with intent to distribute one kilogram or more of heroin and five kilograms or more of cocaine. The Court initially imposed a 240-month prison sentence, which it later reduced by five months upon a joint motion of the parties. In December 2024, Villalobos moved for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons below, the Court denies Villalobos's motion.

### Background

Villalobos was charged in a nineteen-count indictment with various drug conspiracy, distribution, and possession offenses, as well as using a communications facility in committing a narcotics offense and unlawful presence in the United States after removal. Villalobos pled guilty to one count of conspiracy to possess with intent to distribute heroin and cocaine. He stipulated that he participated in a conspiracy in which he obtained multi-kilogram quantities of heroin and cocaine from suppliers in Mexico and distributed the drugs to wholesale and retail customers in Chicago. The

conspiracy involved over thirty kilograms each of cocaine and heroin and proceeds exceeding two million dollars.

Sentencing took place in November 2012. The advisory Sentencing Guidelines range was 292 to 365 months. The Court sentenced Villalobos to a below-Guidelines term of 240 months of incarceration. In April 2015, the parties filed a joint motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on U.S. Sentencing Guidelines Amendment 782, which reduced Villalobos's base offense level by two points. The Court granted the motion and reduced Villalobos's sentence to 235 months of incarceration, the low end of the revised advisory range. In November 2023, Villalobos filed another motion under section 3582(c)(2) based on Amendment 821. After referral to and an appearance by the Federal Defender Program, Villalobos withdrew that motion because of a pending Supreme Court case.

In December 2024, Villalobos filed the present motion for release under 18 U.S.C. § 3582(c)(1)(A)(i). The government filed a response without a certificate of service. Villalobos's reply said that he had not received the response. The Court ultimately ordered the government to mail another copy of its response to Villalobos and file a status report confirming that it had done so, and it reset the deadline for Villalobos to reply. The government filed a status report confirming it had mailed its response to Villalobos. Villalobos has not filed a reply and has not requested an extension of time.

At this point, the Bureau of Prisons (BOP) inmate locator indicates that Villalobos is due to be released in less than five months.

## Discussion

The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, permits federal

prisoners to request a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).  Section 3582(c)(1)(A)(i) allows a sentence reduction when warranted by "extraordinary and compelling reasons" and consistent with relevant policy statements issued by the Sentencing Commission.  18 U.S.C. § 3582(c)(1)(A); *see United States v. Thacker*, 4 F.4th 569, 573 (7th Cir. 2021).  The Seventh Circuit has prescribed a two-step analysis for district courts.  First, "the prisoner must identify an 'extraordinary and compelling' reason warranting a sentence reduction."  *Thacker*, 4 F.4th at 576.  Second, "[u]pon a finding that the prisoner has supplied such a reason," a court "consider[s] any applicable sentencing factors in § 3553(a) as part of determining what sentencing reduction to award the prisoner."  *Id.*

Section 3582(c)(1)(A) has an administrative exhaustion requirement.  First, a defendant must submit a compassionate release request to the warden of the facility in which he is incarcerated.  A defendant may request compassionate release from the district court after (1) "the defendant has fully exhausted all administrative rights to appeal [a denial of the request] or" (2) after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"  18 U.S.C. § 3582(c)(1)(A).  If properly invoked, the exhaustion requirement of section 3582(c)(1)(A) is a mandatory claim-processing rule that courts must enforce.  *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021).

**A.     Exhaustion**

Villalobos's motion was filed using a form for a pro se motion for compassionate release.  Section IV of that form concerns exhaustion of administrative remedies.  The form asks whether "you personally submitted your request for compassionate release to

3

the warden of the institution where you are incarcerated[.]" Def.'s Mot. at 3. Villalobos checked the box stating "yes," but he did not complete the line, which asked for the date on which he submitted the request. He also did not complete the next question, which asked whether the warden denied his request and on what date. The form asks the defendant to attach copies of the request for compassionate release to the warden and any correspondence from the BOP. Villalobos did not do so.

The government argues that Villalobos has not exhausted administrative remedies as required by section 3582(c)(1)(A). Exhaustion under section 3582(c)(1)(A) is a mandatory claims-processing rule and must be enforced if properly invoked. *Sanford*, 986 F.3d at 782. An unsupported claim that a defendant exhausted administrative remedies is not sufficient. *See United States v. Williams*, 829 F. App'x 138, 140 (7th Cir. 2020) (affirming district court's conclusion that defendant failed to exhaust under section 3582(c)(1)(A) when he provided no proof). Villalobos's motion states that he submitted a request for compassionate release to the warden of his facility without including the date of the request, the outcome, or any documentation. The Court recognizes that Villalobos initially did not receive the government's response asserting the exhaustion argument, but at the Court's instance, the government sent Villalobos its response a second time, and Villalobos did not reply. Based on the record before the Court, Villalobos's motion is subject to denial for failure to exhaust.

**B.    Merits**

Even if Villalobos properly exhausted administrative remedies, his motion does not succeed on the merits. As grounds for release, Villalobos cites two sections of U.S.S.G. § 1B1.13, the Sentencing Commission's policy statement on 18 U.S.C.

§ 3582(c)(1)(A). Congress delegated to the Commission the power to "describe what should be considered extraordinary and compelling reasons for sentence reduction." 28 U.S.C. § 994(t). Congress specified only that "[r]ehabilitation of the defendant alone" may not be an extraordinary and compelling circumstance. *Id.*

Villalobos invokes section 1B1.13(b)(5), which provides that extraordinary and compelling circumstances meriting a sentence reduction may exist based on "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5). Paragraphs (1) through (4) detail extraordinary and compelling circumstances based on serious medical conditions, age, family circumstances, and sexual or physical abuse by an individual who had custody over the defendant. *See id.* § 1B1.13(b)(1)–(4).

Villalobos does not argue that any of the circumstances enumerated in paragraphs (1) through (4) of section 1B1.13(b) apply to him. Rather, he states that his rehabilitation is an extraordinary and compelling circumstance, citing his low recidivism and violence score on a BOP instrument called PATTERN (Prisoner Assessment Tool Targeting Estimated Risk and Needs) and his commitment to coursework. Villalobos's efforts toward rehabilitation are commendable. But Congress made it clear that by itself, rehabilitation does not qualify as an extraordinary and compelling circumstance meriting compassionate release. *See United States v. Black*, 131 F.4th 542, 544 (7th Cir. 2025) (quoting 28 U.S.C. § 994(t)). For this reason, Villalobos has not pointed to an extraordinary and compelling circumstance that qualifies him under section 1B1.13(b)(5) for consideration of compassionate release.

5

Villalobos also invokes section 1B1.13(b)(6), in which the Sentencing Commission stated:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

*Id.* § 1B1.13(b)(6).  As best as the Court can tell, Villalobos argues that a change in law occurred through Amendment 829, which revised Guidelines section 5H1.1 to permit broader consideration of age as a basis for downward departures in sentencing.  This argument lacks merit for several reasons.  First, section 1B1.13(b)(6) expressly excludes from its scope amendments to the Guidelines that have not been made retroactive, like Amendment 829.  Second, a non-retroactive change in law does not constitute an extraordinary and compelling circumstance under Section 3582(c)(1)(A). *See United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022).  Finally, Villalobos has not argued that Amendment 829 would result in a gross disparity in sentencing.  Villalobos was about twenty-five years old when he committed the offense.  Amendment 829 provides that certain factors such as substance use and adverse childhood experience affect development up until the mid-twenties, but Villalobos does not explain which of these mitigating circumstances apply to him or how consideration of age in sentencing would reduce his already below-Guidelines sentence.

Had Villalobos identified an extraordinary and compelling basis for a sentence reduction, the Court would go on to analyze the sentencing factors in § 3553(a).

*Thacker*, 4 F.4th at 576. The Court need not do so, however, given Villalobos's failure to exhaust administrative remedies and identify extraordinary and compelling circumstances.

## Conclusion

For the foregoing reasons, the Court denies Moises Villalobos's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) [dkt. no. 275]. The Clerk is directed to send a copy of this opinion to: Moises Villalobos; No. 42666-424; FCI Lompoc Low II; 3901 Klein Blvd.; Lompoc CA 63436.

Date: December 11, 2025

 _____
 MATTHEW F. KENNELLY
 United States District Judge